# SUSAN C. WOLFE, ESQ.

Law office of Susan C. Wolfe
1700 Broadway, 41st Floor
New York, York 10019

Tel:    (917) 209-0441                                              Diane Fischer,
Email:  scwolfe@scwolfelaw.com                                      Of counsel

June 1, 2021

Hon. Judge Vincent L. Briccetti
United States District Judge
300 Quarropas Street
White Plains, NY 10601
Via Email: Donna_Hilbert@nysd.uscourts.gov and ECF

Re:  *United States v. Hibah Lee*, 07-cr-03

Dear Judge Briccetti:

Please accept this late submission in connection with Mr. Lee's imminent sentencing on a violation of supervised release (VOSR), consolidated with his sentencing on the pending indictment. We originally contemplated making a motion to dismiss the VOSR because it was not disclosed to Mr. Lee or counsel for over two years, until after his guilty plea. We ultimately concluded, however, that the caselaw did not support the relief sought and that the law, as applied to the circumstances, was not likely to evolve more favorably to Mr. Lee's position. After grappling with it further, we determined that the issue would be an appropriate consideration for sentencing on the violation. To the extent the lateness of this submission is an imposition on the government or the Court, perhaps the VOSR portion of the sentencing can be adjourned and conducted remotely.

Mr. Lee's term of supervised release on the 2007 case commenced November 21, 2017, and, absent a violation, it would have expired on November 20, 2020. [1]

---

[1]      18 U.S.C. § 3583(i) provides:

The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment . . . extends beyond the expiration of the term of supervised release [1] for any period reasonably necessary for the adjudication of matters arising before its expiration *if,* [2] *before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.*

Hon. Vincent Briccetti
June 1, 2021
Page 2


Mr. Lee was arrested on the Hobbes Act Robbery charges pending before this Court on January 19, 2019. About a month later, on February 20, 2019, Judge Preska signed a warrant for Mr. Lee's arrest for violating his supervised release. The VOSR warrant "Command[ed]" any authorized law enforcement officer "to arrest and bring before a United States Magistrate Judge *without unnecessary delay* Hibah Lee." The Court's order to bring Mr. Lee before a Magistrate "without unnecessary delay," was not complied with.

In the two years that followed, nothing appeared on the docket to alert Mr. Lee or counsel that a VOSR had been issued on February 19, 2019.[2] The first notice Mr. Lee received was on March 11, 2021, in the PSI, which disclosed that a VOSR warrant had been issued in connection with the 2007 case. Counsel received a copy of the original violation report on or about April 23, 2021 (about five weeks ago). Before that, even during proceedings on a bail application, when the government argued that Mr. Lee was a danger to the community because, *inter alia,* he committed crimes while on supervised release, there was no mention of the pending VOSR warrant and it was not proffered as another reason why he should not be released. *ECF #56*

Most cases in this area involve a delay in the hearing and adjudication of the violation report. Regardless of the stage and length of delay, however, the issue is always prejudice to defendant. *See United States v. Patterson,* 135 Fed. Appx 469, 475-476 (2d Cir. 2005)(unpub.); *United States v. Matos,* 589 F.Supp. 2d 407, 408 (S.D.N.Y. 2008) ("unreasonable delay in pursuing a warrant for probationer's arrest may constitute a complete defense to charges of probation violation where the probationer has no other actual notice of the charges;" 19-year delay was prejudicial).

As Mr. Lee's case proceeded and the parties began to discuss and negotiate a disposition, and when Mr. Lee decided to accept a plea agreement, and when he pled guilty on January 21, 2021, he still had not received notice that a VOSR was pending, which would expose him to another two years or more of incarceration. He lost the opportunity to negotiate with the government with a full understanding of the amount of time he was facing because of the crimes he committed. A pending violation was material information relevant to the positions and arguments he

---

[2]   Counsel was alert to the docket in the 2007 case because Mr. Lee had a §2255 Petition pending in that case.

Hon. Vincent Briccetti
June 1, 2021
Page 3

would make in negotiating the terms of a plea agreement and making an informed, critical decision.

In *United States v. Sanchez,* 225 F.3d 172 (2d Cir. 2000), the probation department served Sanchez with a violation of supervised release four years after he pled guilty to state drug charges that gave rise to the violation.  He argued that the delay deprived him of the ability to secure a concurrent sentence from the state or district court judge.  The Sanchez Court recognized that a supervisee  is entitled to due process in the form, *inter alia,* of written notice of the claimed violations, but not "'the full range of procedural safeguards associated with a criminal trial.'" *Id.* at 175, *quoting Black v. Romano,* 471 U.S. 606, 613 (1985).

The Court concluded that Sanchez had not shown prejudice because the district court had the ability, even four years later, to run Sanchez's violation sentence retroactively concurrent with his state court sentence.  *Id.* at 175-176.

This Court has the ability to ameliorate the impact of nondisclosure of the violation warrant until after Mr. Lee's guilty plea by imposing a sentence on the VOSR concurrent with his sentence on the 2019 indictment.  Section 3584(a) of Title 18 does not prohibit the imposition of a concurrent sentence for a violation of supervised release.  The introductory commentary to  Chapter 7B of the Guidelines recognizes the statutory availability of a concurrent sentence but states an advisory policy in favor of consecutive sentences upon revocation.  There is a fair and just reason in this case to depart from the Guidelines' policy and impose a concurrent sentence.

Respectfully Submitted,

s/

Susan C. Wolfe,
Diane Fischer, *of counsel*