UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA          :
                                  :         **ORDER**
v.                                :
                                  :         19 CR 424 (VB)
HIBAH LEE,                        :
            Defendant.            :
--------------------------------------------------------x

Defendant Hibah Lee moves for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), because he claims to be at risk of severe complications from COVID-19 if he were to contract the disease; his conditions of confinement have been harsher during the pandemic than the Court could have anticipated at sentencing; he has not received mental health treatment from the Bureau of Prisons ("BOP"); and he should not have been assessed three criminal history points for a prior sentence in 2013.

Upon due consideration of Lee's motion, as well as the government's opposition and Lee's response to the government's opposition, the motion is DENIED for the reasons set forth below.

On January 21, 2021, pursuant to a plea agreement, Lee pleaded guilty to one count of Hobbs Act robbery and one count of conspiracy to commit Hobbs Act robbery, both in violation 18 U.S.C. § 1951. Lee admitted to robbing a marijuana dealer at gunpoint in 2018 and conspiring to commit another gunpoint robbery in 2019. Both offenses took place while Lee was on supervised release after serving a 12½ year sentence for murder. In addition, Lee had served several prior jail sentences for robbery, residential burglary, and drug dealing. Consistent with the parties' plea agreement, which included enhancements for using a firearm during a robbery, obstruction of justice, and being a manager/supervisor of criminal activity that involved five or more participants or was otherwise extensive, Lee's advisory sentencing range was 135 to 168 months' imprisonment.

On June 3, 2021, after taking into account Lee's chaotic and violent upbringing, the fact that he suffered from anxiety and PTSD, and his significant family support, the Court sentenced Lee to 135 months' imprisonment, the bottom of the Guidelines range. Pursuant to 18 U.S.C. § 3553(a), the Court found the sentence was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant, although the most significant of these factors was the need to protect the public.

Lee has been detained since January 15, 2019, which means he has served less than forty percent of the sentence imposed.

The law does not permit a sentence of imprisonment to be reduced once it has been imposed, except in the rare circumstance in which the Court, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

Here, Lee argues that he suffers from asthma, and is therefore at greater risk of complications from COVID-19. However, his BOP medical records reflect that he declined the extremely effective Moderna vaccine in 2021. Having done so, given that the vaccine would dramatically reduce the likelihood of severe complications from the disease, Lee cannot meet the "extraordinary and compelling circumstances" standard based on his alleged vulnerability to such complications. Plus, his medical records show he is receiving adequate treatment for his asthma (and been provided with an albuterol inhaler to use as needed) while in custody.

Next, Lee argues his conditions of confinement have been harsher during the pandemic than the Court could have anticipated at sentencing. But this case was pending before the undersigned during 2020 and 2021, at the height of the pandemic, and the Court was acutely aware of the pandemic's effect on inmates' conditions of confinement at the time of Lee's June 2021 sentencing. And while there is no question restrictions have been placed on visitation, recreation, program participation, and the like, these very restrictions are why the BOP has managed to keep its inmates reasonably safe. This is not remotely an extraordinary or compelling circumstance warranting a reduced sentence.

Lee's medical records also belie his claim that he has not received mental health treatment from the BOP. Those records show he was fully evaluated by FCI Hazelton's psychology services department, and the health care provider determined no mental health interventions were warranted at the time. The provider also told Lee how to contact psychology services if circumstances changed, and the medical records do not indicate that Lee requested any further treatment or that such requests were denied. Moreover, contrary to Lee's assertion, this Court did not "order" BOP to provide mental health treatment; it merely recommended that BOP do so.

Finally, Lee cannot use a motion under Section 3582(c)(1)(A)(i) to collaterally attack his sentence based on the argument that he should not have been assessed three criminal history points for a sentence he received in 2013. In any event, the three criminal history points for that sentence were assessed based on his conviction for murder in furtherance of a narcotics conspiracy, not just for use of a firearm during an attempted Hobbs Act robbery. So the fact that, in light of recent Supreme Court precedent, he could not be convicted today for use of a firearm during an attempted Hobbs Act robbery would not change the criminal history category that applied at the time of his sentencing in 2021.

In short, no extraordinary and compelling reasons warrant an early release in this case.

The Court has also considered the Section 3553(a) factors "to the extent that they are applicable," as required by Section 3582(c)(1)(A). The serious nature of Lee's robbery offenses and his lengthy criminal history fully warranted the 135-month prison sentence at the time it was imposed, and continue to warrant such a lengthy sentence. And the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter Lee from future criminal conduct, and, most significantly, protect the public continue to weigh strongly against Lee's early release, especially considering that he has served less than forty percent of the sentence imposed.

Accordingly, the motion for a reduction of sentence is DENIED.

Chambers will mail a copy of this Order to defendant at the following address:

Hibah Lee, Reg. No. 56719-054
FCI Hazelton
Federal Correctional Institution
P.O. Box 5000
Bruceton Mills, WV  26525

Dated: April 24, 2023
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge