UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA        :
                                :    **ORDER**
v.                              :
                                :    19 CR 424 (VB)
HIBAH LEE,                      :
           Defendant.           :
--------------------------------------------------------x

Pending before the Court is defendant Hibah Lee's motion for a reduction of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), based on Part A of Amendment 821 to the Sentencing Guidelines.  (Doc. #48).  Amendment 821 took effect on November 1, 2023, and applies retroactively in this case.

For the reasons set forth below, the motion is DENIED.

On June 3, 2021, Lee was sentenced principally to a 135-month term of imprisonment on his guilty plea to Hobbs Act robbery and Hobbs Act robbery conspiracy.  At the time of sentencing, the guideline range was 135-168 months' imprisonment, based on a final offense level of 30 and a criminal history category of IV.  Lee had 8 criminal history points, including 2 "status points" for committing the offense while on supervised release following a previous federal conviction.

Part A of Amendment 821 amended Guidelines § 4A1.1 by eliminating the 2 status points a defendant receives for committing the offense while under a criminal justice sentence, so long as the defendant otherwise has less than 7 criminal history points.  As a result, Lee now has 6 criminal history points and is in Criminal History Category III, such that his amended guideline range is 121-151 months.  Lee thus qualifies for a reduction of his term of imprisonment.

However, Lee is not entitled to a reduced term of imprisonment as a matter of right.  This is because in determining whether a reduction is warranted, the Court, consistent with Section 3582(c)(2), must "consider the factors set forth in 18 U.S.C. § 3553(a)."  U.S.S.G. § 1B1.10, Application Note 1(B)(i).  The Court must also "consider the nature and seriousness of the danger to any person or the community that may be posed" by reducing a defendant's term of imprisonment, and may consider information regarding the defendant's post-sentencing conduct. Id., Application Note 1(B)(ii), (iii).

The Court has considered all of the Section 3553(a) factors, including the nature and circumstances of the offense and the history and characteristics of the defendant.  Lee robbed a marijuana dealer at gunpoint in 2018 and conspired to commit another gunpoint robbery in 2019.  He had a leadership role in these robberies, and he also attempted to obstruct justice by submitting a false affidavit in support of a motion to suppress evidence.  Both offenses took place while Lee was on supervised release after serving a 12½-year sentence for his participation in the gang-related killing of a robbery victim.  Lee has also served several prior jail sentences

1

for robbery, residential burglary, and drug dealing. As it did at sentencing in 2021 when it imposed a sentence at the low end of the then-applicable guideline range, the Court has also considered Lee's chaotic and violent upbringing, the fact that he suffered from anxiety and PTSD, and his significant family support.

The Court did not impose the 135-month jail sentence in this case merely because it was at the low end of the range, but rather because the Court believed then, as it does now, that 135 months' imprisonment is the minimum necessary to reflect the serious nature of Lee's offenses as well as the need to promote respect for the law, provide just punishment, deter Lee from future criminal conduct, and protect the public from further crimes of the defendant. The Court continues to believe that the most significant of these factors is the need to protect the public.

To reduce Lee's term of imprisonment now, simply because his criminal history category no longer takes into account the fact that he was on supervised release at the time of the offense, would disregard all of the other Section 3553(a) factors.

Moreover, Lee's lengthy criminal history and the fact that at the time of the offense he was on supervised release are highly relevant to the Court's consideration of whether Lee poses a danger to the community if his jail sentence is reduced. Having considered Lee's high risk of recidivism, the Court believes he does pose such a danger.

Regarding Lee's post-sentencing conduct, the Court has considered the fact that during his incarceration, Lee has received no disciplinary sanctions and has successfully participated in multiple education programs. The Court has also considered all of the other factors pointed out by defense counsel that have made Lee's incarceration particularly difficult. But those circumstances simply do not warrant a reduced term of imprisonment, for the reasons set forth above.

Accordingly, Lee's motion for a reduction of his term of imprisonment is DENIED.

Dated: March 4, 2024
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge